IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AVERY SOUFFRANT,

    Plaintiff,

v.                                                    CASE NO. 5:10-cv-270-RS-GRJ

SMILEY, and SELLERS,

    Defendants.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Pending before the Court is the motion to dismiss filed by Defendant Smiley[1] based upon Plaintiff's failure to exhaust his administrative remedies. (Doc. 30.) Plaintiff has filed an untimely response to the motion. (Doc. 43.) Also before the Court is Doc. 40, Plaintiff's motion for leave to amend his complaint and Doc. 44, Defendant Smiley's motion to strike Plaintiff's response to the motion to dismiss. For the following reasons, Plaintiff's motion to amend, Doc. 40, is **DENIED.** Defendant's motion to strike, Doc. 44, is **DENIED.** It is respectfully **RECOMMENDED** that the motion to dismiss be **GRANTED** and the case be **DISMISSED** in its entirety.

### I. Background

Plaintiff is a prisoner in the custody of the Florida Department of Corrections ("FDOC"). According to the factual allegations in the Complaint, on July 16, 2008,

---

[1] Defendant Sellers has not yet been served because he no longer works for the Florida Department of Corrections. (Docs. 21, 22, 28.) Because the Court is recommending dismissal of this suit based upon Plaintiff's failure to exhaust his administrative remedies, further efforts to serve process upon Defendant Sellers are unnecessary.

Plaintiff was being transferred from Jackson C.I. to Washington C.I. and during the transfer process he suffered from low blood sugar and failed to follow Defendants' orders because he was incoherent.  (Doc. 1, p. 5.)  Plaintiff alleges that Defendants–Sgt. Smiley and Sgt. Sellers–beat him because they felt he was playing games, in violation of Eighth Amendment's prohibition against cruel and unusual punishment.  (*Id.* at p. 5-6.)  Plaintiff seeks $250,000 in compensatory and $250,000 in punitive damages from each Defendant.  (*Id.* at p. 7.)  After Defendant's motion to dismiss was filed, Plaintiff sought leave to amend his complaint and submitted a proposed amended complaint that: (1) modified Plaintiff's address; (2) added information about a lawsuit filed after Plaintiff filed the instant complaint; and (3) amended his prayer for relief to seek declaratory judgment and punitive damages of $50,000 against Defendant Smiley and $25,000 against Defendant Sellers.  (Doc. 40, Attachment 1.)

## II. **The Defendant's Motion to Dismiss and Plaintiff's Response**

Defendant Smiley seeks dismissal of Plaintiff's Complaint, arguing that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42, U.S.C. § 1997e(a) and therefore the complaint must be dismissed for lack of jurisdiction and for failure to state a claim upon which relief may be granted.

Attached to the motion to dismiss is an affidavit of Jo Ann Tyson, who is employed as a Sentence Specialist and records custodian at Taylor C.I., where Plaintiff is currently housed.  Ms. Tyson attests that inmate grievances are kept in an inmate's classification file and forwarded to each institution the inmate is sent.  Ms. Tyson attests

that she has reviewed the available grievance records for Plaintiff regarding an alleged use of force incident on July 16, 2008 and found that Plaintiff did not file any formal grievances relating to such incident but did file two inmate requests.  The inmate requests are attached to Ms. Tyson's affidavit and are both dated October 20, 2008.  Plaintiff appears to have designated the inmate requests as belated informal grievances.  An October 22, 2008 response indicates that the incident was "fully investigated by the Office of the Inspector General."  (Doc. 30, Exh. A.)

Also attached to the motion to dismiss is an affidavit of Rebecca Padgham, who is employed as a Management Analyst I with the FDOC's Bureau of Inmate Grievance Appeals.  Ms. Padgham attests that her review of the FDOC's grievance records reflects Plaintiff has not filed any grievance appeals related to an alleged use of force incident on July 16, 2008.  (Doc. 30, Exh. B.)

The undersigned granted Plaintiff an extension of time to file a response to the motion to dismiss, giving him until on or before August 29, 2011 to file a response.  (Doc. 34.)  Plaintiff did not file a response in opposition until November 3, 2011, when he provided it to prison officials for mailing.  (Doc. 43.)  Defendant Smiley has moved to strike the response or, in the alternative, file a reply.  (Doc. 44.)  In his response to Defendant's motion to dismiss, Plaintiff asserts that the October 20, 2008 inmate requests are in fact informal grievances because he designated them as such.  Plaintiff does not dispute his apparent failure to file a formal grievance or a grievance appeal.  (Doc. 43.)

### III.  Discussion

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires a prisoner to

exhaust all available administrative remedies before filing an action challenging prison conditions.  "This requirement is a 'pre-condition to suit' that must be enforced even if the available administrative remedies are 'futile or inadequate.'" *Logue v. Pearson,* No. CV410-240, 2011 U.S. Dist. LEXIS 66950, at *2-3 (S.D. Ga. 2011)*(citing Harris v. Garner,* 190 F.3d 1279, 1285-86 (11th Cir. 2005))*.*  Exhaustion is mandatory under the PLRA, and unexhausted claims are not permitted.  *See Jones v. Bock,* 549 U.S. 199, 211 (2002)*.*  To exhaust administrative remedies in Florida, a prisoner in FDOC custody must complete the administrative review process established under regulations promulgated by the Secretary of the FDOC.   FLA. STAT. ANN. § 944.09(1)(d) ("The department has authority to adopt rules ... to implement its statutory authority. The rules must include rules relating to ... [g]rievance procedures which shall conform to 42 U.S.C. § 1997e.").   Under the administrative review process established by the Secretary of the FDOC, a prisoner must: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Secretary of the FDOC.  *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004)(citing FLA. ADMIN. CODE ANN. §§ 33-103.001 to -103.019*).*  Once a prisoner has completed this process, he then has properly exhausted his administrative remedies.  *Id.*

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and thus is treated like a defense of lack of jurisdiction.  *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008)*.*  Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082

(11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082. If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

Defendant Smiley contends that Plaintiff did not complete the required administrative remedy process described above. Plaintiff filed two "Belated Informal Grievance" forms on October 20, 2008 regarding the July 16, 2008 incident. (Doc. 1, p. 9.) However, according to FDOC records, Plaintiff filed no formal grievances or grievance appeals regarding the incident. (Doc. 30, Exh. A, B.) Plaintiff does not refute Defendant's assertion that he failed to file a formal grievance or grievance appeal, neither in his response in opposition to the motion to dismiss (Doc. 43) or proposed amended complaint (Doc. 40). Accordingly, it is uncontroverted that Plaintiff has failed to properly exhaust the claims alleged in the complaint and, therefore, his claims should be dismissed.

## IV.  Conclusion

Upon due consideration, it is:

**1. ORDERED** that Plaintiff's motion to amend, Doc. 40, is **DENIED.** Such an amendment would be futile because Plaintiff has failed to exhaust his administrative remedies and his claim is due to be dismissed. *See, e.g., Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001).

    **2. ORDERED** that Defendant's motion to strike, Doc. 44, is **DENIED.**

    **3.** Respectfully **RECOMMENDED** that the Motion To Dismiss (Doc. 30) be **GRANTED.**

    **4.** Respectfully **RECOMMENDED** this case should be **DISMISSED** in its entirety.  Although Defendant Sellers has not been served, in view of Plaintiff's failure to exhaust his administrative remedies as required by the PLRA, Plaintiff would not be able to proceed in this action against Defendant Sellers.

    **IN CHAMBERS**  this 20th day of January 2012.

    *s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**